IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TEMPEST PUBLISHING, INC. D/B/A MUSICA ADELENA AND ALSO D/B/A MUSICA ARROZ | § § § § | |
| Plaintiff, | § § | |
| vs. | § § | CIVIL ACTION NO:  4:12-cv-000736 |
| HACIENDA RECORDS AND RECORDING STUDIO, INC., HACIENDA RECORDS, L.P., LATIN AMERICAN ENTERTAINMENT, LLC | § § § § § | |
| Defendants | § § | JURY TRIAL DEMANDED |

**STIPULATED PROTECTIVE ORDER REGARDING DOCUMENTS PRODUCED BY EXPERT WAYNE COLEMAN**

In order to preserve and maintain the confidentiality and proprietary of documents produced by Wayne Coleman in this action, it is ordered that:

1.      Documents to be produced by or from Wayne Coleman in this litigation which contain confidential or proprietary information shall hereafter be referred to as "Protected Documents." Any document or any information designated as "Subject to Protective Order," "Confidential," "Protected Documents," or other similar language in accordance with the provisions of this Order shall only be used, shown or disclosed as provided in this Order.

2.      As used in this Order, the term "documents" means all written material, videotapes and all other tangible items, produced in whatever format (e.g., hard copy, electronic, digital, etc.)

and on whatever media (e.g., hard copy, videotape, computer diskette, CD-ROM, DVD, hard drive or otherwise).

       3.      The designation of Protected Documents may be made by marking or placing the notice "Subject to Protective Order," "Confidential," "Protected Documents," or substantially similar notice, on the document, or, where a copy of the original document is to be produced, on that copy.

       4.      Protected Documents shall be disclosed only to "Qualified Persons." Qualified Persons are limited to:

       a.      Joshua R. Leal

       b.      David Showalter

       c.      Roland Garcia, Jr.,

       d.      Clerical or administrative staff employed by Counsel of Record and involved in the preparation and trial of this action;

       e.      The Court and the Court's staff.

       5.      Under no circumstances shall the Protected Documents be disclosed to any person that is not a Qualified Person. Under no circumstances shall the documents be disclosed to any agent or representative of Hacienda Records and Recording Studio, Inc., Hacienda Records, L.P., Latin American Entertainment, LLC, other than its attorney of record. Under no circumstances shall the protected documents be disclosed to any testifying or consulting expert retained by the Defendants in this case. Under no circumstances shall the protected documents be placed, shared or transferred on any website or internet accessible document repository. Under no circumstances

shall the Qualified Persons disclose, publish, share, reveal, or discuss the contents of the Protected Documents with anyone, other than the Qualified Persons identified above.

6.    Defense Counsel must make reasonable efforts to insure the individuals described in paragraphs 5(d) above are "Qualified Persons" and must provide to opposing counsel advance notice of the names of such "Qualified Persons" with whom the Protected Documents will be shared.

7.    Before receiving access to any Protected Document or the information contained therein, each person described in paragraph 5(d) above shall execute a "Written Assurance" in the form contained in Exhibit A, attached hereto. Defense Counsel shall retain each such executed "Written Assurance" and shall keep a list identifying (a) all persons described in paragraphs 5(d) above to whom Protected Documents have been disclosed, and (b) all Protected Documents disclosed to such persons. Each executed written assurance and list shall be submitted to the opposing counsel within seven (7) days of the disclosure of Protected Documents under this Order and at the termination of this litigation.

8.    All documents that are filed with the Court that contain any portion of any Protected Documents, or information taken from any Protected Documents, shall be filed in a sealed envelope or other appropriate sealed container on which shall be endorsed the title of the action to which it pertains, an indication of the nature of the contents of such sealed envelope or other container, the phrase "Subject To Protective Order," and a statement substantially in the following form: "This envelope or container shall not be opened without order of the Court, except by officers of the Court and counsel of record, who, after reviewing the contents, shall return them to the clerk in a sealed envelope or container." When documents designated as confidential or subject to protective order are filed with the Court, they may be initially filed under seal but will not be maintained under seal

unless the party designating them as confidential or other party files a motion to do so.  Such a motion must be filed 7 days after the filing, must show good cause for sealing the documents, and must state whether the opposing party contests filing the documents under seal.

9.      Any court reporter or transcriber who reports or transcribes testimony in this action shall agree that all "confidential" information designated as such under this Order shall remain "confidential" and shall not be disclosed by them, except pursuant to the terms of this Order, and that any notes or transcriptions of such testimony (and any accompanying exhibits) will be retained by the reporter and delivered to the Court or counsel of record under seal.

10.      To the extent that Protected Documents or information obtained therefrom are used in the taking of the deposition of Wayne Coleman, and/or used as exhibits at trial, such documents or information shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony and/or trial testimony dealing with the Protected Documents or information.

11.      The Qualified Persons shall destroy all copies of the Protected Documents within 30 days of a Final Judgment in this case, along with all copies given to individuals described in paragraphs 5(d).

12.      Inadvertent or unintentional production of documents or information containing information which should have been designated as "confidential" shall not be deemed a waiver in whole or in part of the party's claims of confidentiality.

13.      This Protective Order may not be waived, modified, abandoned or terminated, in whole or in part, except by an instrument in writing signed by the parties.  If any provision of this

Protective Order shall be held invalid for any reason whatsoever, the remaining provisions shall not be affected thereby.

14.     After termination of this litigation, the provisions of this Order shall continue to be binding.  This Court retains and shall have jurisdiction over the parties and recipients of the Protected Documents for enforcement of the provisions of this Order following termination of this litigation.

15.     This Protective Order shall be binding upon the parties, their attorneys, and the  the parties' and attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

16.     All Qualified Persons shall not, under any circumstances, sell, offer for sale, disclose, advertise, or publicize either the Protected Documents and the Confidential information contained therein or the fact that such persons have obtained the Protected Documents and Confidential information.

DATED: _March 5_, 2013      SHOWALTER LAW FIRM

By: _____
        JOSHUA R. LEAL
        Attorneys for Plaintiffs


DATED: _March 5_, 2013      GREENBERG TRAURIG LLP

By: _____
        ROLAND GARCIA
        Attorneys for Defendants


So Ordered this _____ day of _____, 2013.


_____
Presiding Judge