IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TEMPEST PUBLISHING, INC. D/B/A<br>MUSICA ADELENA AND ALSO<br>D/B/A MUSICA ARROZ<br><br>Plaintiff,<br><br>vs.<br><br>HACIENDA RECORDS AND<br>RECORDING STUDIO, INC.,<br>HACIENDA RECORDS, L.P., LATIN<br>AMERICAN ENTERTAINMENT, LLC<br><br>Defendants | § § § § § § § § § § § § § § § | CIVIL ACTION NO: 4:12-cv-000736<br><br><br><br><br>JURY TRIAL DEMANDED |

## STIPULATED PROTECTIVE ORDER

In order to preserve and maintain the confidentiality of certain confidential, commercial and proprietary documents to be produced by the Parties in this action, it is ordered that:

1. Documents to be produced by the Parties in this litigation which contain confidential or proprietary information shall hereafter be referred to as "Protected Documents." Any document or any information designated as "Subject to Protective Order," "Confidential," "Protected Documents," or other similar language in accordance with the provisions of this Order shall only be used, shown or disclosed as provided in this Order.

2. As used in this Order, the term "documents" means all written material, videotapes and all other tangible items, produced in whatever format (e.g., hard copy, electronic, digital, etc.) and on whatever media (e.g., hard copy, videotape, computer diskette, CD-ROM, DVD, hard drive or otherwise).

3. The designation of Protected Documents may be made by marking or placing the notice "Subject to Protective Order," "Confidential," "Protected Document," or substantially similar notice, on the document, or, where a copy of the original document is to be produced, on that copy.

4. Protected Documents and any copies thereof received pursuant to paragraph 5 below shall be maintained confidential by the receiving party, his/her attorney, other representatives, and expert witnesses, and shall be used only for the preparation for the trial of this matter, subject to the limitations set forth herein.

5. Protected Documents shall be disclosed only to "Qualified Persons." Qualified Persons are limited to:

    a. Counsel of Record for the parties, and the parties;

    b. Non-technical and clerical staff employed by Counsel of Record and involved in the preparation and trial of this action;

    c. Testifying expert witnesses retained by the parties for the trial of this case.

    d. The Court, the Court's staff, witnesses, and the jury in this case.

6. Plaintiffs' Counsel must make reasonable efforts to insure the individuals described in paragraphs 5(b) and 5(c) above are "Qualified Persons" and must provide to opposing counsel advance notice of the names of such "Qualified Persons" with whom the Protected Documents will be shared.

7. Before receiving access to any Protected Document or the information contained therein, each person described in paragraphs 5(b) and 5(c) above shall execute a "Written Assurance" in the form contained in Exhibit A, attached hereto. Counsel for the parties shall retain each such executed "Written Assurance" and shall keep a list identifying (a) all persons

3. The designation of Protected Documents may be made by marking or placing the notice "Subject to Protective Order," "Confidential," "Protected Document," or substantially similar notice, on the document, or, where a copy of the original document is to be produced, on that copy.

4. Protected Documents and any copies thereof received pursuant to paragraph 5 below shall be maintained confidential by the receiving party, his/her attorney, other representatives, and expert witnesses, and shall be used only for the preparation for the trial of this matter, subject to the limitations set forth herein.

5. Protected Documents shall be disclosed only to "Qualified Persons." Qualified Persons are limited to:

    a. Counsel of Record for the parties, and the parties;

    b. Non-technical and clerical staff employed by Counsel of Record and involved in the preparation and trial of this action;

    c. Testifying expert witnesses retained by the parties for the trial of this case.

    d. The Court, the Court's staff, witnesses, and the jury in this case.

6. Plaintiffs' Counsel must make reasonable efforts to insure the individuals described in paragraphs 5(b) and 5(c) above are "Qualified Persons" and must provide to opposing counsel advance notice of the names of such "Qualified Persons" with whom the Protected Documents will be shared.

7. Before receiving access to any Protected Document or the information contained therein, each person described in paragraphs 5(b) and 5(c) above shall execute a "Written Assurance" in the form contained in Exhibit A, attached hereto. Counsel for the parties shall retain each such executed "Written Assurance" and shall keep a list identifying (a) all persons

described in paragraphs 5(b) and 5(c) above to whom Protected Documents have been disclosed, and (b) all Protected Documents disclosed to such persons. Each such executed written assurance and list shall be submitted to the opposing counsel within seven (7) days of the disclosure of Protected Documents under this Order and at the termination of this litigation.

8. As the Protected Documents may only be distributed to "Qualified Persons" described in paragraph 5 above, such "Qualified Persons" may not post Protected Documents on any website or internet accessible document repository, nor shall they share, reveal, disclose or discuss the contents of the Protected Documents with anyone else.

9. To the extend that Protected Documents or information obtained therefrom are used in the taking of depositions, and/or used as exhibits at trial, such documents or information shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony and/or trial testimony dealing with the Protected Documents or information.

10. All documents that are filed with the Court that contain any portion of any Protected Document or information taken from any Protected Document shall be filed in a sealed envelope or other appropriate sealed container on which shall be endorsed the title of the action to which it pertains, an indication of the nature of the contents of such sealed envelope or other container, the phrase "Subject To Protective Order," and a statement substantially in the following form: "This envelope or container shall not be opened without order of the Court, except by officers of the Court and counsel of record, who, after reviewing the contents, shall return them to the clerk in a sealed envelope or container." When documents designated as confidential or subject to protective order are filed with the Court, they may be initially filed under seal but will not e maintained under seal unless the party designating them as confidential

~~files a motion to do so. Such a motion must be filed 7 days after the filing, must show good cause for sealing the documents, and must state whether the opposing party contests filing the documents under seal.~~ *RG* *JL*

11. Any court reporter or transcriber who reports or transcribes testimony in this action shall agree that all "confidential" information designated as such under this Order shall remain "confidential" and shall not be disclosed by them, except pursuant to the terms of this Order, and that any notes or transcriptions of such testimony (and any accompanying exhibits) will be retained by the reporter or delivered to counsel of record.

12. Counsel for the parties shall destroy all copies of the Protected Documents within 30 days of a Final Judgment in this case, along with all copies given to individuals described in paragraphs 5(b) and 5(c).

13. Inadvertent or unintentional production of documents or information containing information which should have been designated as "confidential" shall not be deemed a waiver in whole or in part of the party's claims of confidentiality.

14. This Protective Order may not be waived, modified, abandoned or terminated, in whole or in part, except by an instrument in writing signed by the parties. If any provision of this Protective Order shall be held invalid for any reason whatsoever, the remaining provisions shall not be affected thereby.

15. After termination of this litigation, the provisions of this Order shall continue to be binding. This Court retains and shall have jurisdiction over the parties and recipients of the Protected Documents for enforcement of the provisions of this Order following termination of this litigation.

16. This Protective Order shall be binding upon the parties hereto, upon their attorneys, and upon the parties' and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

17. All persons described in paragraph 5 above shall not, under any circumstance, sell, offer for sale, disclose, advertise, or publicize either the Protected Documents and the Confidential information contained therein or the fact that such persons have obtained the party's Protected Documents and Confidential information.

DATED: May 3, 2013        LAW OFFICES OF DAVID W. SHOWALTER

By: _____
JOSHUA R. LEAL
Attorneys for Plaintiffs

DATED: May 3, 2013        GREENBERG TRAURIG LLP

By: _____
ROLAND GARCIA
Attorneys for Defendants

So Ordered this _____ day of _____, 2013.

_____
Presiding Judge

s/941.15/stipulated protective order

5

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TEMPEST PUBLISHING, INC. D/B/A<br>MUSICA ADELENA AND ALSO<br>D/B/A MUSICA ARROZ<br><br>    Plaintiff,<br><br>vs.<br><br>HACIENDA RECORDS AND<br>RECORDING STUDIO, INC.,<br>HACIENDA RECORDS, L.P., LATIN<br>AMERICAN ENTERTAINMENT, LLC<br><br>    Defendants | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | <br><br><br><br><br><br>CIVIL ACTION NO: 4:12-cv-000736<br><br><br><br><br><br>JURY TRIAL DEMANDED |

**AFFIDAVIT OF** _____, being duly sworn and personally appearing before the undersigned attesting officer, duly authorized by law to administer oaths, deposes and says that the within statements are true and correct:

1.

I have read the Stipulated Protective Order attached hereto and I understand its terms and meanings.

2.

I agree that my signature below submits me to the jurisdiction of the United States District Court for the Southern District of Texas, Houston Division, in which the action of *Tempest Publishing, Inc., D/B/A Musica Adelena and also D/B/A Musica Arroz v. Hacienda Records and Recording Studio, Inc., Hacienda Records, L.P., Latin American Entertainment, LLC, Civil Action No. 4:12-cv-000736* is pending, and binds me to the provisions of the

1

Stipulated Protective Order, including to all promises undertaken in the Order, as if originally agreed by me, and agree not to disclose the Protected Documents to anyone other than myself.

Further Affiant sayeth not.

This _____ day of _____, 2012.

_____
AFFIANT

SUBSCRIBED AND SWORN to before me this _____ day of _____, 2012.

_____
NOTARY PUBLIC

My Commission Expires:

s/941.15/exhibit a affidavit

2