United States District Court
Southern District of Texas

**ENTERED**

October 21, 2015

David J. Bradley, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| TEMPEST PUBLISHING, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-12-736 |
| | § | |
| HACIENDA RECORDS AND RECORDING | § | |
| STUDIO, INC., *et al*., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

Tempest Publishing, Inc., sued Hacienda Records and Recording Studio, Inc., Hacienda Records, L.P., and Latin American Entertainment, LLC (together, "Hacienda"), alleging infringement of the copyrights to four songs under the federal Copyright Act, 17 U.S.C. § 101 *et seq.* The court granted Hacienda's motion for partial summary judgment, dismissing Tempest's claims to two of the songs, *Buscando un Cariño* and *Morenita de Ojos Negros*. (Docket Entry No. 103). The court held a bench trial on the remaining two songs, *Mi Amor es Tuyo* and *Somos Dos Gatos*. At the close of Tempest's case, the court granted a directed verdict in Hacienda's favor on one of the songs, *Mi Amor es Tuyo*. The court found that Hacienda infringed Tempest's copyright for *Somos Dos Gatos*, that the infringement was not innocent and was willful, and that Hacienda owed Tempest $5,000 in damages. (Docket Entry No. 129).

The court entered judgment on March 18, 2015. (Docket Entry No. 130). Tempest moved for an award of costs, (Docket Entry No. 131), which Hacienda opposed, (Docket Entry No. 133). Hacienda also moved for an award of costs, (Docket Entry No. 132), which Tempest opposed,

1

(Docket Entry No. 134).  On August 31, 2015, Tempest filed an amended bill of costs, (Docket Entry No. 138), which Hacienda opposed, (Docket Entry No. 139).  The motions raise questions about awarding costs under § 505 of the Copyright Act.

Based on the parties' arguments and submissions, and the applicable law, the court grants Tempest's motions in part and denies Hacienda's motion, awarding $7,701.35 in costs to Tempest. The reasons are explained below.

## I.      The Applicable Law on Costs

"Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." FED. R. CIV. P. 54(d)(1).  "[T]he word 'should' makes clear that the decision whether to award costs ultimately lies within the sound discretion of the district court." *Marx v. Gen. Revenue Corp.*, 133 S. Ct. 1166, 1172 (2013).  Even if a federal statute does not specifically authorize recovery of costs in a particular case, "Rule 54(d)(1) independently authorizes district courts to award costs to prevailing parties" unless a statute or rule precludes it. *Id.* at 1174 n.5.  The Rule "does not *require* courts to award costs to prevailing [parties]." *Id.* at 1178 n.9.  Rather, it gives the court discretion based on the circumstances each case presents.

A federal statute "defines the term 'costs' as used in Rule 54(d)." *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987).  Under 28 U.S.C. § 1920, a district court may tax as costs:

(1)      Fees of the clerk and marshal;
(2)      Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3)      Fees and disbursements for printing and witnesses;
(4)      Fees for exemplification and the costs of making copies of any materials

2

where the copies are necessarily obtained for use in the case;

(5)     Docket fees under section 1923 of this title; [and]

(6)     Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

If the party against whom costs are sought does not object, a presumption arises that the costs were necessarily incurred and will be taxed. *See Embotelladora Agral Regiomontana, S.A. de C.V. v. Sharp Capital, Inc.*, 952 F. Supp. 415, 417 (N.D. Tex. 1997) ("[I]n the absence of a specific objection, deposition costs will be taxed as having been necessarily obtained for use in the case."). An objection shifts that burden to require the party seeking costs to show that the costs were necessary. *Jerry v. Fluor Corp.*, No. 10-1505, 2012 WL 4664423, at *2 (S.D. Tex. Oct. 2, 2012) (citing *Fogleman v. ARAMCO*, 920 F.2d 278, 286 (5th Cir. 1991)).

The Copyright Act provides that, in any infringement action, "the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. . . . [T]he court may also award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. Only a prevailing party may recover costs under § 505. *Alameda Films S.A. de C.V. v. Authors Rights Restoration Corp. Inc.*, 331 F.3d 472, 484 n.37 (5th Cir. 2003). "The touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties in a manner which Congress sought to promote in the fee statute." *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792–93 (1989). A material alteration must have the "necessary judicial imprimatur." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 605 (2001). Enforceable judgments on the merits are sufficient for prevailing-party status. *Id.* at 604. "Prevailing plaintiffs and prevailing

3

defendants are to be treated alike" under § 505.  *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994).

## II.     Who Is the Prevailing Party?

Tempest and Hacienda both argue that they are the prevailing party.  Tempest obtained a judgment that Hacienda infringed Tempest's copyright to *Somos Dos Gatos* and was awarded $5,000 in damages.  Hacienda obtained a judgment that it had not infringed the copyright in the other three songs, *Buscando un Cariño*, *Morenita de Ojos Negros*, and *Mi Amor es Tuyo*.  In its Memorandum and Opinion setting out proposed findings of fact and conclusions of law, the court did not decide which party prevailed and instead found, after weighing the *Lieb* factors, that neither Tempest nor Hacienda should be awarded attorney's fees.  (Docket Entry No. 129 at p. 22–30).[1]  This is a case in which the plaintiff has succeeded on some of its claims but not others.  Rule 54(d)(1) governs "[u]nless a federal statute . . . provides otherwise."  The first question is who is the prevailing party under Rule 54(d)(1).  The second question is whether § 505 "provides otherwise" and mandates a different outcome than the Rule.

### A.      Who Is the Prevailing Party Under Rule 54(d)(1)?

Interpreting Rule 54(d)(1), the Fifth Circuit has held:

> A party need not prevail on all issues to justify a full award of costs. . . . Usually the litigant in whose favor judgment is rendered is the prevailing party for purposes of Rule 54(d).  A party who has obtained some relief usually will be regarded as the prevailing party even though he has not sustained all his claims.  Cases from this and other circuits consistently support shifting costs if the prevailing party obtains judgment on even a fraction of the claims advanced.

*United States v. Mitchell*, 580 F.2d 789, 793 (5th Cir. 1978) (alterations omitted) (citations omitted)

---

[1]  The prevailing-party analysis is generally the same for awards of both attorney's fees and costs. *See Studiengesellschaft Kohle mbH v. Eastman Kodak Co.*, 713 F.2d 128, 132 (5th Cir. 1983).

(quotation marks omitted), *superseded by statute on other grounds*, 42 U.S.C. § 3614.  As the Federal Circuit has explained, Rule 54(d)(1) "unambiguously limits the number of prevailing parties in a given case to one because the operative term, 'prevailing party,' is singular."  *Shum v. Intel Corp.*, 629 F.3d 1360, 1367 (Fed. Cir. 2010).  That conclusion "is reinforced by the use of the definite article 'the' before 'prevailing party' [instead of] [a]lternatives like 'a,' 'any,' or 'some,' . . . [which] could be read to suggest that it is possible to have more than one prevailing party in an action."  *Id.*

Other circuits follow this approach.  *See Barber v. T.D. Williamson, Inc.*, 254 F.3d 1223, 1234 (10th Cir. 2001) (the magistrate judge clearly erred in finding both the plaintiff and the defendant to be the prevailing parties under Rule 54(d)(1), even though the plaintiff won nominal damages on one claim and the defendant successfully defeated the plaintiff's two other claims); *Head v. Medford*, 62 F.3d 351, 354–55 (11th Cir. 1995) (per curiam) (recognizing and adopting the Fifth Circuit's rule in *Mitchell*); *Lytle v. Comm'rs of Election of Union Cty.*, 541 F.2d 421, 425 n.6 (4th Cir. 1976) ("The [defendants'] contention that to be the 'prevailing party' [the plaintiff] must win on all issues is clearly without merit."); *Lewis v. Pennington*, 400 F.2d 806, 820 (6th Cir. 1968) ("Although the [plaintiffs] prevailed on only one of the two grounds advanced, they are to be deemed 'prevailing parties.'").  Leading treatises take a similar view.  10 Wright & Miller, FEDERAL PRACTICE & PROCEDURE § 2667 (3d ed. 2010) ("[A] claimant who has obtained some relief usually will be regarded as *the* prevailing party even though the party has not sustained all his claims." (emphasis added)); 10 James Wm. Moore, MOORE'S FEDERAL PRACTICE § 54.101[3] (3d ed. 2010) ("[T]he prevailing party is the party in whose favor judgment was entered, even if that judgment

does not fully vindicate the litigant's position in the case.").[2]

Hacienda points to *Johnson v. Big Lots Stores, Inc.*, 639 F. Supp. 2d 696 (E.D. La. 2009), to support its argument that it and Tempest could both be prevailing parties. *Johnson* involved a FLSA collective action. The defendant, Big Lots, won decertification. Forty-two former collective-action members had their claims dismissed with prejudice under Rule 41. Three proceeded to a bench trial, and two were awarded damages for FLSA violations. The other plaintiff's claim was dismissed with prejudice under Rule 41. *Id.* at 700. The district court determined that the two plaintiffs were entitled to prevailing-party status because they won an enforceable judgment on the merits. *Id.* at 707. The district court also determined that Big Lots was entitled to prevailing-party status because it won dismissal with prejudice against 43 of the plaintiffs. *Id.* Concluding that "both parties have prevailed in some sense," the court decided to "tax the costs equitably" such that "[a]ny costs related to the individual claims upon which [the two plaintiffs] prevailed shall be taxed to Big Lots," and "any costs directly related to the claims of the 43 individuals who moved to dismiss their claims with prejudice will be taxed to those individual plaintiffs." *Id.* at 708.

*Johnson* does not support Hacienda's argument. *Johnson* is not a case in which a plaintiff

---

[2] This case should be distinguished from those involving counterclaims. *See, e.g.*, *Ira Green, Inc. v. Military Sales & Serv. Co.*, 775 F.3d 12, 28 (1st Cir. 2014) ("[T]he district court retains discretion to award costs to a party who, though losing on some claims, substantially prevails in the case as a whole. A classic example of a case in which this discretion may appropriately be exercised is one in which a defendant, though losing on a counterclaim, succeeds in warding off a predominant claim." (citations omitted)); *Estate of Hevia v. Portrio Corp.*, 602 F.3d 34, 46 (1st Cir. 2010) (district court did not abuse its discretion in declining to award costs when defendants prevailed on a copyright-infringement claim and plaintiffs prevailed on the defendants' counterclaims.); *Hillside Enters. v. Carlisle Corp.*, 69 F.3d 1410, 1416 (8th Cir. 1995) (district court did not abuse its discretion when plaintiff prevailed on its claims, defendant prevailed on its counterclaim, and district court found the plaintiff to be the prevailing party because it won the larger judgment.); *Eastman Kodak Co.*, 713 F.2d at 132 (district court did not abuse its discretion when defendant prevailed on plaintiff's claims, plaintiff prevailed on defendant's counterclaim, and district court awarded costs to defendant as the prevailing party.).

succeeded on some of its claims but not others.  Rather, *Johnson* involves 45 plaintiffs, some of whom prevailed on their FLSA claims and most of whom did not.  *Johnson* does not hold that an individual plaintiff and Big Lots could have both been prevailing parties.  Rather, *Johnson* is consistent with the proposition that, as between a plaintiff and a defendant, only one can be the prevailing party on the plaintiff's claims.

Under the plain language of Rule 54(d)(1) and controlling Supreme Court and Fifth Circuit precedent, Tempest is "the" prevailing party because the court entered judgment for Tempest on one of its copyright-infringement claims.  This materially altered the legal relationship between Tempest and Hacienda.  Enforceable judgments on the merits confer prevailing-party status.  *Buckhannon*, 532 U.S. at 604.  Hacienda is not "the" prevailing party.  "Rule 54(d) does not give the district court the power to award costs to the nonprevailing  party . . . ."  *Three-Seventy Leasing Corp. v. Ampex Corp.*, 528 F.2d 993, 999 (5th Cir. 1976).[3]

### B.    Does § 505 "Provide Otherwise"?

Rule 54(d)(1) governs "[u]nless a federal statute . . . provides otherwise."  "A statute 'provides otherwise' than Rule 54(d)(1) if it is 'contrary' to the Rule."  *Marx*, 133 S. Ct. at 1173.  "Because the Rule grants district courts discretion to award costs, a statute is contrary to the Rule if it limits that discretion."  *Id.*

Section 505 appears to be broader than Rule 54.  Section 505 authorizes a district court to award "in its discretion . . . the recovery of full costs by or against *any party* other than the United States or an officer thereof."  17 U.S.C. § 505 (emphasis added).  Rule 54, by contrast, permits an

---

[3] "[I]n exceptional circumstances, the district court may actually tax costs against the prevailing party as a sanction."  *Sheets v. Yamaha Motors Corp.*, 891 F.2d 533, 539 (5th Cir. 1990).

award of costs to "the prevailing party."  But the reference to "any party" rather than "the prevailing party" does not allow fees to both the plaintiff and the defendant in a case where the plaintiff succeeds on some of its claims but not others.  The second sentence of § 505 incorporates Rule 54(d)(1)'s language, stating that "the court may also award a reasonable attorney's fee to *the prevailing party* as part of the costs."  *Id.* (emphasis added).  And although it did not explicitly analyze the text of § 505, the Fifth Circuit has assumed that a cost award under § 505 applies only to a prevailing party.  *Alameda Films*, 331 F.3d at 484 n.37.

Even if the second sentence of § 505 does not make it coextensive with Rule 54, "where there is no *clear* indication otherwise, a specific statute will not be controlled or nullified by a general one, regardless of the priority of enactment."  *Crawford Fitting*, 482 U.S. at 445 (alteration omitted) (quotation marks omitted).  The cannon that a more specific statute trumps a general statute "has full application . . . to statutes . . . in which a general authorization and a more limited, specific authorization exist side-by-side."  *RadLAX Gateway Hotel, LLC v. Amalgamated Bank*, 132 S. Ct. 2065, 2071 (2012).  "There the canon avoids not contradiction but the superfluity of a specific provision that is swallowed by the general one."  *Id.*  "The terms of the specific authorization must be complied with."  *Id.*  There is no "clear" indication that Congress intend § 505 to uproot Rule 54(d)(1).  And because a broad reading of § 505 would not "limit" a district court's discretion to award costs—it would expand it—§ 505 is not "contrary" to the Rule.  *Marx*, 133 S. Ct. at 1173. Tempest is the prevailing party under Rule 54.  Hacienda is not, and § 505 does not provide otherwise.

*Balsley v. LFP, Inc.*, 691 F.3d 747 (6th Cir. 2012), does not suggest a different conclusion. In *Balsley*, the court reviewed an attorney's fee award under § 505.  *Id.* at 771–72.  The plaintiffs

won a jury verdict on one count of direct copyright infringement, and the defendant prevailed on four state-law claims. *Id.* at 771. The court held that neither party prevailed on two claims the parties "jointly and voluntarily stipulated to dismissal of." *Id.* The court rejected the argument that the defendant was entitled to fees because it was the "overall prevailing party," or that it should receive "four sevenths (57.1%)" of the fees it requested because it successfully defended against four of the plaintiff's seven claims. *Id.* at 772. The court reasoned that the defendant could not be the prevailing party under the Copyright Act, because success on state-law claims "does not bear on who prevailed under the Copyright Act." *Id.* (alteration omitted) (quotation marks omitted). The court considered "each prevailing party's entitlement to fees under the claims they prevailed upon," but one party—the plaintiffs—remained "the prevailing party" for purposes of § 505. *Id.* The defendant was the prevailing party under state law. *Id.* at 773–74. *Balsley* does not hold that both a plaintiff and a defendant may be "the" prevailing party on the plaintiff's claims for purposes of § 505 or that § 505 displaces Rule 54(d)(1)'s default rule.

At least one court has found that neither party prevailed when a plaintiff asserted a large number of copyright claims and obtained a liability finding and limited damages on only a few. *See Video Views, Inc. v. Studio 21, Ltd.*, 925 F.2d 1010, 1022 (7th Cir. 1991), *abrogated on other grounds*, *Fogerty*, 510 U.S. 517 (the district court did not err in finding that "neither [the plaintiff] who prevailed on but two of its seven infringement claims, nor [the defendant], who wound up on the wrong end of a $10,000 judgment, can be deemed the 'prevailing' party."). The court did not explain why § 505 compels this result, and it appears inconsistent with *Farrar v. Hobby*, 506 U.S. 103 (1992). The Supreme Court held in *Farrar* that "the amount of damages awarded" is generally irrelevant to deciding whether a party has prevailed and that prevailing-party status only requires

9

success "on the merits of at least some of his claims." *Buckhannon*, 532 U.S. at 603–04 (quotation marks omitted). In *Video Views*, the plaintiff had obtained a favorable judgment on liability and was awarded more-than-nominal damages, which shows the "judicially sanctioned change in the legal relationship of the parties" needed for prevailing-party status. *See id.* at 605.

Other courts have considered all the claims alleged to determine the "overall prevailing party." *See Brighton Collectibles, Inc. v. Coldwater Creek Inc.*, No. 06-cv-1848-H(POR), 2009 WL 160235, at *3 (S.D. Cal. Jan. 20, 2009) (after summary judgment dismissing one of the plaintiff's copyright claims, and a jury finding that the defendant was liable for willfully infringing the other copyright, the court found that the plaintiff was the only prevailing party because it "succeeded on its claim for willful infringement of [one of its copyrights] and was awarded significant damages," explaining that "the dismissal of one of its copyright claims does not prevent it from being deemed the overall prevailing party under the Copyright Act."); *Florentine Art Studio, Inc. v. Vedet K. Corp.*, 891 F. Supp. 532, 541 (C.D. Cal. 1995) (two of the defendants were prevailing parties because they "prevailed on seven of the nine infringement counts, were found merely to be innocent infringers on the remaining two, and were assessed the minimum statutory damages."). Section 505 does not speak of an "overall" prevailing party. This approach also appears inconsistent with *Farrar*'s admonition that "the degree of [a party's] success does not affect eligibility for a fee award." 506 U.S. at 114 (emphasis omitted) (quotation marks omitted); *see also Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 791 (1989) (in the § 1988 context, "the search for the 'central' and 'tangential' issues in the lawsuit, or for the 'primary,' as opposed to the 'secondary,' relief sought, much like the search for the golden fleece, distracts the district court from the primary purposes behind § 1988 and is essentially unhelpful in defining the term 'prevailing party.'").

10

Under both Rule 54 and § 505, Tempest, not Hacienda, is the prevailing party.

## III.    Whether "Full Costs" Under § 505 Are Different From "Costs" Under § 1920

As the prevailing party, Tempest may be awarded costs.  "There is a strong presumption under Rule 54(d)(1) that the prevailing party will be awarded costs."  *Cheatham v. Allstate Ins. Co.*, 465 F.3d 578, 586 (5th Cir. 2006) (per curiam).  While "Rule 54(d) generally grants a federal court discretion to refuse to tax costs in favor of the prevailing party," *Crawford Fitting*, 482 U.S. at 442, the Supreme Court has rejected the view that "the discretion granted by Rule 54(d) is a separate source of power to tax as costs expenses not enumerated in § 1920," *id.* at 441.

Tempest argues that it is entitled to costs beyond those enumerated in § 1920.  It reasons that § 505 of the Copyright Act provides that the prevailing party may be awarded "full costs," which are broader than the "costs" listed in § 1920.  (Docket Entry No. 131 at p. 2 nn.1, 4; Docket Entry No. 138 at p. 2).  Circuit courts have split on whether the costs awarded under the Copyright Act are limited to those in § 1920, and the Fifth Circuit has not addressed the issue.

### A.    The Ninth Circuit's Approach

The Ninth Circuit has held "that district courts may award otherwise non-taxable costs, including those that lie outside the scope of § 1920, under § 505."  *Twentieth Century Fox Film Corp. v. Entm't Distrib.*, 429 F.3d 869, 885 (9th Cir. 2005).  The explanation is that "[c]onstruing § 505 as limiting the costs that may be awarded to any particular subset of taxable costs effectively reads the word 'full' out of the statute."  *Id.*  The Ninth Circuit cites cases from the First, Sixth, and Seventh Circuits to bolster this conclusion, but those cases do not appear to provide the support *Twentieth Century Fox* suggests.

In the Seventh Circuit case, *Susan Wakeen Doll Co., Inc. v. Ashton Drake Galleries*, 272

11

F.3d 441 (7th Cir. 2001), the court held that "[i]n a copyright action, fees are governed by 17 U.S.C. § 505, and any award of fees and non-taxable costs must come through it, and not through the general costs provisions of 28 U.S.C. § 1920." *Id.* at 458.  But this was because the district court had "purported to award attorney's fees as part of the costs under 28 U.S.C. § 1920," and § 1920 does not include attorney's fees as taxable costs. *Id.* at 457–58.  The opinion does not analyze the scope of § 505 or hold that it includes costs not taxable under § 1920.

In *InvesSys, Inc. v. McGraw-Hill Co., Ltd.*, 369 F.3d 16 (1st Cir. 2004), the First Circuit allowed recovery of electronic-research costs under § 505. *Id.* at 23.  The Ninth Circuit described electronic-research costs as nontaxable under § 1920. *See Twentieth Century Fox*, 429 F.3d at 885. But the First Circuit held that electronic-research costs are recoverable as part of attorney's fees. *InvesSys*, 369 F.3d at 22 ("In our view, computer-assisted research should be . . . reimbursed under attorney's fee statutes like section 505 . . . .").  The First Circuit explicitly declined to base its decision on § 505's "full costs" language.  The court reasoned that "[a]lthough section 505's 'full costs' language could be distinguished from more familiar and slightly narrower wording in other fee shifting statutes, the tendency of the courts has been to treat most statutes similarly whether in allowing or disallowing particular items." *Id.*

The Sixth Circuit has affirmed the award of nontaxable costs under § 505, but, as the Ninth Circuit recognized, it did so without explanation or discussion. *Coles v. Wonder*, 283 F.3d 798, 803 (6th Cir. 2002).

A court in this district has adopted the Ninth Circuit's approach. *Guzman v. Hacienda Records*, No. 12-CV-42, 2015 WL 4920058, at *4 n.6 (S.D. Tex. Aug. 18, 2015) (Costa, J.) ("[S]ection 505 must cover costs beyond those listed in section 1920.").  The *Guzman* analysis is

thorough and thoughtful, but this part is dicta, because the court went on to hold that expert witness

fees are not taxable costs under either § 505 or § 1920. *Id.* at *4 & n.6. Although there is a textual

basis for the Ninth Circuit's decision, its approach to the case law is problematic, and its persuasive

strength is weakened in light of contrary results reached by two other circuits.

### B.      The Eighth and Eleventh Circuits' Approach

The Eighth Circuit has held that "the 'full costs' language [does not] 'clearly,' 'explicitly,'

or 'plainly' evidence[] congressional intent to treat 17 U.S.C. § 505 costs differently from costs

authorized in other statutes."   *Pinkham v. Camex, Inc.*, 84 F.3d 292, 295 (8th Cir. 1996) (per

curiam).  It concluded that "costs under 17 U.S.C. § 505 are limited to the costs expressly identified

in 28 U.S.C. § 1920 . . . ."  The Eleventh Circuit has adopted this rule.  *Artisan Contractors Ass'n*

*of Am., Inc. v. Frontier Ins. Co.*, 275 F.3d 1038, 1039–1040 (11th Cir. 2001) (per curiam).

### C.      Discussion

*Crawford Fitting*, the controlling Supreme Court case, states that "where there is no *clear*

indication otherwise, a specific statute will not be controlled or nullified by a general one, regardless

of the priority of enactment."   482 U.S. at 445 (alteration omitted) (quotation marks omitted).

"*Crawford Fitting* plainly requires . . . the identification of explicit statutory authority" to exceed

the costs set out in § 1920.  *W. Va. Univ. Hosps., Inc. v. Casey*, 499 U.S. 83, 87 (1991) (quotation

marks omitted), *superseded by statute on other grounds*, 42 U.S.C. § 1988.  "*Crawford Fitting* said

that we would not lightly find an implied repeal of . . . § 1920, which it held to be an express

limitation upon the types of costs which, absent other authority, may be shifted by federal courts."

*Id.*

Section 1920, the more specific statute, governs absent "clear" evidence or "the identification

of explicit statutory authority" that § 505 should control.  *See Twentieth Century Fox*, 429 F.3d at

885 ("*Crawford Fitting* instructs us to carefully inspect § 505 for clear evidence of congressional

intent that non-taxable costs should be available.").  Congress used the adjective "full" to modify

the noun "costs."  If the Copyright Act did not authorize recovery of otherwise nontaxable costs, the

word "full" would appear to be superfluous.  *See id.*

A recent Supreme Court case interpreting a cost-shifting statute casts some doubt on this

logic, however.  In *Marx*, the Supreme Court observed that "redundancy is hardly unusual in statutes

addressing costs."  133 S. Ct. at 1177.  And "the canon against surplusage is strongest when an

interpretation would render superfluous another part of the same statutory scheme."  *Id.* at 1178.

"Because [17 U.S.C. § 505] is not part of [28 U.S.C. § 1920], the force of this canon is diminished."

*See id.*

Although there is some evidence that Congress intended costs recoverable under § 505 to

exceed those recoverable under § 1920, that evidence is not clear or explicit, as needed to conclude

that the general statute controls the more specific one.  *Crawford Fitting*, 482 U.S. at 445.  When

the case is close, *Crawford Fitting*'s standard counsels in favor of following the specific statute and

applying the presumption against implied repeals.  *Id.*  Given that standard, the Supreme Court's

opinion in *Marx*, and the weight of circuit authority resting against a broad reading of § 505, the

court concludes that the costs taxable under § 505 are limited to those enumerated in § 1920.  As the

prevailing party, Tempest may be awarded costs under § 505, limited by § 1920.

## IV.    The Award of Costs

Hacienda argues that Tempest is estopped from seeking costs because Hacienda reasonably

relied on and paid the abstract of judgment the Clerk of Court issued at Tempest's request and that

14

the court may not consider Tempest's amended bill of costs because it was untimely filed.  Hacienda

also argues that Tempest's costs should be reduced to reflect that it prevailed on only one of its

claims.  These arguments are addressed in turn.

### A.      Whether Tempest Is Estopped From Seeking Costs

Hacienda argues that Tempest is estopped from seeking costs because Hacienda relied on

the abstract of judgment, which was entered at Tempest's request, and paid the judgment.  (Docket

Entry No. 137).  Hacienda contends that it would not have paid had it known that "costs were later

to be claimed and taxed against Hacienda."  (Docket Entry No. 139 at p. 3).  The abstract of

judgment stated that Hacienda owed $5,000 in damages to Tempest.  (Docket Entry No. 137).  The

judgment amount applied regardless of Tempest's cost award.  The abstract of judgment was entered

on July 23, 2015, when both Tempest's and Hacienda's motions for awards of cost were pending

before the court.  Hacienda knew that costs could be taxed against it, given these outstanding

motions.  Tempest is not estopped from seeking costs.[4]

### B.      Whether To Consider the Amended Bill of Costs

"[D]istrict courts have discretion to impose rules to effect the orderly and efficient handling

of cases." *Servicios Azucareros de Venezuela, C.A. v. John Deere Thibodeaux, Inc.*, 702 F.3d 794,

805 (5th Cir. 2012).  Under Local Rule 54.2, "[a]n application for costs shall be made by filing a bill

of costs within 14 days of the entry of a final judgment."  Tempest complied, submitting its bill of

---

[4]  Hacienda cites *Matise v. Trans Union Corp.*, 96-CV-3353-D, 1998 WL 872511, at *4 (N.D. Tex. 1998), for the proposition that a "party may reasonably rely on [an] abstract of judgment."  (Docket Entry No. 139 at p. 3).  *Matise* involved a motion for summary judgment on a Fair Credit Reporting Act claim. *Id.* at *1.  It held that "[r]eliance on a court's judgment docket in preparing a credit report is reasonable because it is a presumptively reliable source of information." *Id.* at *4.  It did not hold that entry of an abstract of judgment, when motions for awards of cost are pending before the district court, estops the party who sought entry of the abstract of judgment from seeking an award of costs.

costs on April 1, 2015, (Docket Entry No. 131), within 14 days of the entry of judgment on March 18, 2015, (Docket Entry No. 130). Tempest submitted an amended bill of costs on August 31, 2015, approximately five months later. (Docket Entry No. 138). Hacienda argues that this amended submission should not be considered because it was not timely filed. (Docket Entry No. 139 at p. 3). Tempest has not explained its five-month delay, other than to claim that it "mistakenly undervalued and misstated the costs" because "it was under the mistaken impression that recoverable 'costs' were more or less the same as costs recoverable in state court litigation." (Docket Entry No. 138 at p. 1–2). Tempest argues that it only recently learned that costs under § 505 could be broader than those under § 1920, because a court in this district so held on August 18, 2015. *Guzman*, 2015 WL 4920058, at *4 n.6. The record does not support that assertion. Tempest's original bill of costs cites § 1920; it also cites § 505 for the proposition that it should be awarded "full" (that is, nontaxable) costs under that statute. (Docket Entry No. 131 at p. 1–2 nn.1–4).

The court will not consider the amended bill of costs because it was untimely filed. Instead, the court considers Tempest's original bill of costs, (Docket Entry No. 131), giving "careful scrutiny" to the costs submitted, *Farmer v. Arabian Am. Oil Co.*, 379 U.S. 227, 235 (1964).

### C.    Tempest's Recoverable Costs

Tempest seeks costs for fees for the service of summonses and subpoenas. Section 1920 does not include these costs, *Cypress-Fairbanks Indep. Sch. Dist. v. Michael F.*, 118 F.3d 245, 257 (5th Cir. 1997), and they are denied.

Tempest seeks costs for deposition transcripts and copying and printing fees. These are provided for in 28 U.S.C. § 1920(2)–(4). Costs relating to depositions may be awarded "if the materials were necessarily obtained for use in the case." *Stearns Airport Equip. Co., Inc. v. FMC*

16

*Corp.*, 170 F.3d 518, 536 (5th Cir. 1999).  Hacienda objects that two of the depositions did not concern *Somos Dos Gatos*, and the other two depositions mentioned the song on only a few pages of the transcripts.  (Docket Entry No. 133 at p. 3).  The question is not whether the deposition transcripts were necessarily obtained for use relating to the specific claim on which the party prevailed.  The question is whether the deposition transcripts were necessarily obtained for use "*in the case*."  28 U.S.C. § 1920(2) (emphasis added).  Hacienda has not objected to the deposition costs on those grounds, and these costs are awarded.

Hacienda does not specifically object to Tempest's copying and printing fees.  "If the party against whom costs are taxed does not specifically object, the costs sought are presumed necessary for the case."  *Kellogg Brown & Root Int'l, Inc. v. Altanmia Commercial Mktg. Co.*, No. 07-2684, 2009 WL 1457632, at *3 (S.D. Tex. May 26, 2009).  These costs are awarded.

Tempest seeks costs for the Copyright Office fees and expenses it paid for certified copies to prove copyright registration.  These are "fees for exemplification and copies of papers necessarily obtained for use in the case."  *Zuill v. Shanahan*, 80 F.3d 1366, 1371 (9th Cir. 1996) (quotation marks omitted).  Hacienda does not specifically object, and these costs are awarded.

Tempest seeks costs for faxes, meals, messenger and delivery services, mileage, postage, research and documentation, and travel expenses.  These are overhead costs and not recoverable under 28 U.S.C. § 1920.  *See, e.g.*, *Embotelladora Agral Regiomontana, S.A. de C.V. v. Sharp Capital, Inc.*, 952 F. Supp. 415, 417–19 (N.D. Tex. 1997).  They are denied.

**D.  Whether To Reduce Tempest's Costs**

Hacienda finally argues that Tempest's award of costs should be reduced because it prevailed on only one claim of copyright-infringement for a song, *Somos Dos Gatos*, which was not central

to the case.  Hacienda emphasizes that "[a]t no time during discovery or trial did the songwriters or performers of this one song appear in the case, and none were ever deposed"; that "[a]lmost all the expenses and costs incurred in this matter pertained to the three main songs on which Hacienda prevailed on the merits"; and that *Somos Dos Gatos* suffered from "anemic sales, paltry revenues, and minuscule royalties."  (Docket Entry No. 133 at p. 2).  Hacienda argues that Tempest's costs should be limited to the one claim on which it prevailed and that any costs not related to *Somos Dos Gatos* should be denied.

District courts have the discretion to "reduce the size of the prevailing party's award to reflect [a] partial success" by the prevailing party.  10 Wright & Miller, FEDERAL PRACTICE & PROCEDURE § 2667 (3d ed. 2010).  In the context of attorney's fees, the Supreme Court has held that "the degree of the plaintiff's overall success goes to the reasonableness of a fee award."  *Farrar*, 506 U.S. at 114 (quotation marks omitted).  "Although costs do not necessarily track fees, with some costs being fixed and independent of the number or success of claims filed, . . . the district court has discretion to reduce unreasonable costs."  *McCown v. City of Fontana*, 565 F.3d 1097, 1103 n.2 (9th Cir. 2008).

In its response to Tempest's amended bill of costs, Hacienda argues that the costs should be reduced by 99.86 percent, because *Somos Dos Gatos* was responsible for 0.14 percent of the units sold by the four songs.  (Docket Entry No. 139 at p. 6).  Hacienda has not explained why the commercial success of *Somos Dos Gatos* compared to the other three songs is relevant to determining costs, and Hacienda has not cited case law identifying this approach as a basis for reducing a cost award.

Alternatively, Hacienda suggests that Tempest's costs be reduced by 75 percent, because

18

Hacienda prevailed on three of the four claims. (*Id.* at 7). In the context of attorney's fees, the Supreme Court has rejected "a mathematical approach comparing the total number of issues in the case with those actually prevailed on." *Hensley v. Eckerhart*, 461 U.S. 424, 435 n.11 (1983). The Fifth Circuit has held, however, that *Hensley* does not "categorically bar the use of math" and that, on the facts of one case, "[t]he use of the proportion between the number of disputed claims and the success on those claims was not an abuse of . . . discretion." *Allstate Ins. Co. v. Plambeck*, — F.3d —, 2015 WL 5472433, at *9 (5th Cir. Sept. 17, 2015).

The copyright-infringement claim for *Somos Dos Gatos* was the only claim to go to trial. The other three claims were dismissed on summary judgment or after Tempest's case-in-chief. Although it does not seem feasible to balkanize costs on a claim-by-claim basis, it is reasonable to assume that Tempest incurred not-insignificant costs for the song whose copyright-infringement claim received a full trial on the merits. That said, Tempest did prevail on only one claim.

The court has "wide discretion" to ensure costs are taxed equitably. *Hall v. State Farm Fire & Cas. Co.*, 937 F.2d 210, 216 (5th Cir. 1991). The court reduces by 50 percent Tempest's total costs, reflecting its limited success.

## V.   Conclusion

The court denies Hacienda's motion for award of costs, (Docket Entry No. 132), denies Tempest's amended motion for award of costs, (Docket Entry No. 138), and grants in part and denies in part Tempest's motion for award of costs, (Docket Entry No. 131). Tempest is entitled to recover $5,208.25 for necessary transcripts and $10,194.45 for necessary printing and copying, for a total of $15,402.70. The costs are reduced by 50 percent, for a total of $7,701.35. Hacienda must

pay Tempest this amount no later than December 4, 2015.

SIGNED on October 21, 2015, at Houston, Texas.

Lee H. Rosenthal
United States District Judge